NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PENDER HARDIN, | Civil Action No. 19-62 (SDW) |
| Plaintiff, | |
| v. | **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | January 31, 2020 |

**WIGENTON,** District Judge.

Before the Court is Plaintiff Pender Hardin's ("Plaintiff") appeal of the final administrative decision of the Commissioner of Social Security ("Commissioner"), with respect to Administrative Law Judge Peter R. Lee's ("ALJ Lee's") denial of Plaintiff's claim for a period of Disability Insurance and Supplemental Security Income ("SSI") benefits under the Social Security Act (the "Act"). This Court has subject matter jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Venue is proper pursuant to 28 U.S.C. § 1391(b). This appeal is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, this Court finds that ALJ Lee's factual findings are supported by substantial evidence and that his legal determinations are correct. Therefore, the Commissioner's decision is **AFFIRMED**.

1

## I. PROCEDURAL AND FACTUAL HISTORY

### A. Procedural History

On July 28, 2015, Plaintiff filed a Title II application for Disability Insurance Benefits and on December 2, 2015, also filed a Title XVI application for Supplemental Security Income ("SSI") benefits based on his "disabling condition." (Administrative Record ("Record" or "R.") 60.) The Social Security Administration denied Plaintiff's applications on September 19, 2015, and again on reconsideration on November 10, 2015. (R. 70, 82.) Plaintiff appealed, and ALJ Lee held a hearing on August 16, 2017. (R. 26-59.) In a November 28, 2017 written decision, the ALJ found that Plaintiff was not disabled. (R. 12-20.) Plaintiff requested that the Appeals Council review ALJ Lee's decision, and the Appeals Council denied that request for review on November 21, 2018, making the ALJ's decision the final decision of the Commissioner. (R. 1-6.) Plaintiff now requests that this Court reverse the Commissioner's decision and either declare that Plaintiff is entitled to disability beginning March 16, 2012, or remand for a new hearing. (R. 60, 278.)

### B. Factual History

Plaintiff is forty-one years old and currently lives in Rockaway, New Jersey. (R. 71.) Plaintiff alleges that he began having panic attacks and experiencing anxiety in March 2012. (R. 60.) At that time, Plaintiff's business partnership and marriage had both recently dissolved. (R. 69, 307-08.) Since then, Plaintiff worked as a groundskeeper for five or six weeks in 2013, but has otherwise been unemployed. (*Id.*)

On July 3, 2014, Plaintiff was admitted to an emergency department and was examined by Dr. Suvid Chaudhari, D.O. ("Dr. Chaudhari") for panic attacks and was diagnosed with generalized anxiety disorder ("GAD"). (R. 288-90, 293.) On June 17, 2015, Dr. Edward Collopy M.D. ("Dr. Collopy") confirmed Dr. Chaudari's findings and also diagnosed Plaintiff with panic

2

disorder and agoraphobia. (R. 298-300.) Dr. Collopy prescribed citalopram for Plaintiff's anxiety. (*Id.*)

On March 26, 2015, Plaintiff began treatment with his first therapist, Ms. Christina Del Vicario, M.A., L.P.C., L.C.A.D.C., A.C.S. ("Ms. Del Vicario") who encouraged Plaintiff "to avoid caffeine, abstain from alcohol, and to work on his relaxation exercises." (R. 308.) At follow up therapy sessions, Ms. Del Vicario noted that Plaintiff's anxiety was improving as his visits were "becoming leisure visits, he was actively looking for work, had a girlfriend, and was going out hunting with friends." (R. 325, 390.) Plaintiff's mother, Ms. Joan DiPatria, also states in the third-party functional capacity report that Plaintiff has "no problem maintaining his care, preparing his meals, and managing funds." (R. 202-209.)

On September 18, 2015, a state agency psychologist, Dr. Leslie Williams, Ph.D., ("Dr. Williams") evaluated Plaintiff to determine if he was eligible for SSI and disability insurance benefits. (R. 66-7.) Dr. Williams stated that Plaintiff was "capable of understanding instructions and maintaining pace and persistence in simple, routine, low-contact work." (R. 67.) On November 6, 2015, a second state agency psychologist, Dr. Gladys Jimenez Nieves, Psy.D., ("Dr. Nieves") affirmed Dr. Williams's opinion. (R. 74-5.) Although Dr. Nieves noted new evidence of post-traumatic stress disorder ("PTSD"), she found "[n]o evidence to support changes in the severity of [Plaintiff's] condition." (R. 74-5.)

On December 9, 2015, Plaintiff met with Dr. Michael F. Von Poelnitz, M.D., ("Dr. Von Poelnitz") to address increased anxiety and panic attacks. (R. 397.) Dr. Von Poelnitz started Plaintiff on a trial of Risperdal to address any potential PTSD symptoms. In under two weeks, Plaintiff reported to both Ms. Del Vicario and another therapist, Mr. Justin Beck, ("Mr. Beck") that he was "feeling better" and "effectively using coping statements to lessen his anxiety in social

3

situations." (R. 424, 426, 437, 444.) As a result, Mr. Beck terminated Plaintiff's care because he "[n]o longer required the current level of care," and Ms. Del Vicario encouraged him to return to work in a creative setting. (R. 477-78.) Plaintiff rejected the idea. (*Id.*) On November 30, 2016, Plaintiff sought treatment with Ms. Sharon Katz, A.P.N., ("Ms. Katz") as he felt he had not improved in therapy elsewhere. (R. 367.) Ms. Katz recognized that Plaintiff was anxious and had "limited insight into his disorder and coping skills," but, otherwise found that his mental status was normal. (R. 366-67, 355-57.)

On February 2016, Dr. Sarabjit Singh, M.D. ("Dr. Singh") evaluated Plaintiff. He acknowledged claimant's anxiety, but wrote that Plaintiff's "thought processes were linear and goal-directed, and his insight, judgement, and impulsivity were 'fair.'" (R. 15.) On December 2016, Plaintiff was also evaluated by Dr. Michelle Thorpe, M.D., ("Dr. Thorpe") who also noted his anxiety and concluded that upon examination Plaintiff was pleasant, and his mood was "okay." (*Id.*)

### C. Hearing Testimony

At the administrative hearing, ALJ Lee heard testimony from Plaintiff and Vocational Expert Andrew Vaughn ("VE Vaughn"). (R. 56.) Plaintiff stated that he was having severe anxiety issues and consistently had panic attacks every time he went outside or drove anywhere. (R. 38.) Plaintiff also stated that on average, he experienced panic attacks two to three times a day, or seven to eight times on a bad day. (R. 41.) He said his mother did his grocery shopping and laundry and that he did not interact with anyone other than his therapists outside of his apartment. (R. 42, 479.)

During the hearing, the ALJ described to VE Vaughn a series of hypothetical people, one of whom must "work in an environment free of fast-paced production requirements," in addition

4

to only having "occasional contact with supervisors and co-workers, and no contact with the public unless it was online." (R. 55-56.) VE Vaughn testified that this hypothetical person would be able to perform Plaintiff's prior work, which he classified as an order picker (R. 56), and could also "perform the representative jobs of garment sorter, classifier, and dishwasher." (*Id.*)

## II. LEGAL STANDARD

### A. Standard of Review

In Social Security appeals, this Court has plenary review of the legal issues decided by the Commissioner. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). Yet, this Court's review of the ALJ's factual findings is limited to determining whether there is substantial evidence to support those conclusions. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).

Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation and internal quotations omitted). Thus, substantial evidence is "less than a preponderance of the evidence, but 'more than a mere scintilla.'" *Bailey v. Comm'r of Soc. Sec.*, 354 F. App'x. 613, 616 (3d Cir. 2009) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Importantly, "[t]his standard is not met if the Commissioner 'ignores, or fails to resolve, a conflict created by countervailing evidence.'" *Bailey*, 354 F. App'x. at 616 (quoting *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). However, if the factual record is adequately developed, "the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Daniels v. Astrue*, No. 4:08-cv-1676, 2009 WL 1011587, at *2 (M.D. Pa. Apr. 15, 2009) (internal quotation marks omitted) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). "The ALJ's decision may not be set aside merely because [a

reviewing court] would have reached a different decision." *Cruz v. Comm'r of Soc. Sec.*, 244 F. App'x. 475, 479 (3d Cir. 2007) (citing *Hartranft*, 181 F.3d at 360). This Court is required to give substantial weight and deference to the ALJ's findings. *See Scott v. Astrue*, 297 F. App'x. 126, 128 (3d Cir. 2008). Nonetheless, "where there is conflicting evidence, the ALJ must explain which evidence he accepts and which he rejects, and the reasons for that determination." *Cruz*, 244 F. App'x. at 479 (citing *Hargenrader v. Califano*, 575 F.2d 434, 437 (3d Cir. 1978)).

In considering an appeal from a denial of benefits, remand is appropriate "where relevant, probative and available evidence was not explicitly weighed in arriving at a decision on the plaintiff's claim for disability benefits." *Dobrowolsky v. Califano*, 606 F.2d 403, 407 (3d Cir. 1979) (internal quotation marks omitted) (quoting *Saldana v. Weinberger*, 421 F. Supp. 1127, 1131 (E.D. Pa. 1976)). Indeed, a decision to "award benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984) (citations omitted).

**B. The Five-Step Disability Test**

A claimant's eligibility for social security benefits is governed by 42 U.S.C. § 1382. An individual will be considered disabled under the Act if the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" lasting continuously for at least twelve months. 42 U.S.C. § 423(d)(1)(A). The impairment must be severe enough to render the individual "not only unable to do his previous work but [unable], considering his age, education, and work experience, [to] engage in any kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). A claimant must show that the "medical signs and findings" related to his or her ailment have been

"established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged" 42 U.S.C. § 423(d)(5)(A).

To make a disability determination, the ALJ follows a five-step sequential analysis. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see also Cruz*, 244 F. App'x at 480. If the ALJ determines at any step that the claimant is or is not disabled, the ALJ does not proceed to the next step. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

Step one requires the ALJ to determine whether the claimant is engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). SGA is defined as work that "[i]nvolves doing significant and productive physical or mental duties . . . for pay or profit." 20 C.F.R. §§ 404.1510, 416.910. If the claimant engages in SGA, the claimant is not disabled for purposes of receiving social security benefits regardless of the severity of the claimant's impairments. *See* 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the individual is not engaging in SGA, the ALJ proceeds to step two.

Under step two, the ALJ determines whether the claimant suffers from a severe impairment or combination of impairments that meets the duration requirement found in Sections 404.1509 and 416.909. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or a combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or combination of abnormalities that would have a minimal effect on an individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921; Social Security Rule ("SSR") 85-28, 96-3p, 96-4p. An impairment or a combination of impairments is severe when it significantly limits the claimant's "physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). If

7

a severe impairment or combination of impairments is not found, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the ALJ finds a severe impairment or combination of impairments, the ALJ then proceeds to step three.

Under step three, the ALJ determines whether the claimant's impairment or combination of impairments is equal to, or exceeds, one of those included in the Listing of Impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If an impairment or combination of impairments meets the statutory criteria of a listed impairment as well as the duration requirement, the claimant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d). If, however, the claimant's impairment or combination of impairments does not meet the severity of the listed impairment, or if the duration is insufficient, the ALJ proceeds to the next step.

Before undergoing the analysis in step four, the ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(a), 404.1520(e), 416.920(a), 416.920(e). An individual's RFC is the individual's ability to do physical and mental work activities on a sustained basis despite limitations from his or her impairments. 20 C.F.R. §§ 404.1545, 416.945. The ALJ considers all impairments in this analysis, not just those deemed to be severe. 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2); SSR 96-8p. After determining a claimant's RFC, step four then requires the ALJ to determine whether the claimant has the RFC to perform the requirements of his or her past relevant work. 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f). If the claimant is able to perform his or her past relevant work, he or she will not be found disabled under the Act. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f). If the claimant is unable to resume his or her past work, the disability evaluation proceeds to the fifth and final step.

At step five, the ALJ must determine whether the claimant is able to do any other work,

considering his or her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). Unlike in the first four steps of the analysis where the claimant bears the burden of persuasion, at step five the Social Security Administration ("SSA") is "responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that [the claimant] can do, given [the claimant's RFC] and vocational factors." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2). If the claimant is unable to do any other SGA, he or she is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## III. DISCUSSION

### A.

On November 28, 2017, ALJ Lee issued a decision concluding that Plaintiff was not disabled since March 16, 2012 ("alleged onset date"). (R. 12.) At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful employment since the alleged onset date. (R. 14.) At Step Two, the ALJ found that since the alleged onset date, Plaintiff suffered from "anxiety disorder, panic disorder with agoraphobia, and PTSD." (*Id.*) All of these ailments are classified as severe impairments. (R. 15.)

At Step Three, the ALJ concluded that Plaintiff's impairments do not "meet or medically equal the severity of the listings for these respective impairments in 20 CFR Part 404, Subpart P, Appendix I (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.925 and 416.926). (R. 15.) ALJ Lee found that Plaintiff's impairments did not result in at least one extreme or two marked limitations in any area of functioning. (*Id.*) ALJ Lee relied on the opinion of Plaintiff's therapist, Ms. Del Vicario, who found that despite Plaintiff's "agoraphobia and panic disorder, he has a 'large social life' and has become less 'isolated.'" (*Id.*) ALJ Lee also found that with regard to adapting or managing oneself, Plaintiff only has a mild limitation because, as Plaintiff's mother indicates in the third party functional capacity report, Plaintiff can "prepare his food

9

every day and can perform household chores for approximately two hours a day, twice a week." (R. 16.)

At Step Four, ALJ Lee determined that Plaintiff "has the RFC to perform a full range of work at all exertional levels and that Plaintiff can have contact with supervisors and co-workers, but no contact with the public, except via online." (*Id.*) The ALJ also noted that although Plaintiff testified that "he only leaves the house for medical appointments" and "his mother does his laundry and buys his groceries," Plaintiff's therapist, and his mother disagree. (R. 17.) ALJ Lee also considered and weighed the medical opinions and notes of Plaintiff's treating physicians, Dr. Poelnitz, Dr. Singh, and Dr. Thorpe, as well as the opinions of the Consultative Examiners, Dr. Williams and Dr. Nieves, giving more weight to his treating physicians and therapist, who have treated Plaintiff on and off for several years. (R. 17-8.) Records for the period between 2015 and 2016 indicate that Plaintiff "displayed 'fair' judgment and insight, 'logical' thought processes" and "was capable of understanding instructions and maintaining pace and persistence in simple, routine, low-contact work." (*Id.*)

At Step Five, ALJ Lee determined that Plaintiff is "capable of performing past relevant work as an order picker." (R. 20-21.) This work does not require the performance of work-related activities precluded by Plaintiff's RFC (20 CFR 404.1565 and 416.965). (R. 18.) ALJ Lee appropriately relied on VE Vaughn's testimony in reaching his determination that Plaintiff is capable of performing past relevant work as well as several other jobs existing in the national economy because Plaintiff "has a high school degree, can speak English, and can work at all exertional levels." (R. 19, 28.) Although Plaintiff's anxiety and panic disorder compromise his ability to perform work at all exertional levels, he can perform the requirements of a "garment sorter, classifier, and dishwasher." (R. 19-20.)

B.

On appeal, Plaintiff seeks reversal of the Commissioner's decision and asserts that ALJ Lee's decision (1) is not supported by substantial evidence; (2) fails to comply with SSR 86-62 at the Step Four analysis; and (3) Plaintiff cannot perform past relevant work. (D.E. 15 at 6-15.) This Court considers the arguments in turn and finds each unpersuasive.

Plaintiff first contends that ALJ Lee's decision is not supported by substantial evidence. (*Id.* at 6-12.) However, Plaintiff presents no objective medical evidence or medical opinions to disprove ALJ Lee's findings. ALJ Lee referred to several pieces of evidence in the record to determine that Plaintiff's severe and non-severe impairments did not render Plaintiff disabled after the established onset date of disability of March 16, 2012. (*Id.* at 15-19.) As Plaintiff failed to present medical evidence to refute ALJ Lee's determinations, this Court finds that ALJ Lee's decision is supported by substantial evidence and correctly determined that Plaintiff is capable of performing past relevant work. (R. 18.)

Plaintiff next argues that ALJ Lee incorrectly conducted a Step Four analysis by not providing any specific findings or analysis regarding the mental demands of Plaintiff's past relevant work. (D.E. 15 at 12.) However, Lee did in fact take Plaintiff's alleged agoraphobia and anxiety into consideration when questioning VE Vaughn. (R. 56.) ALJ Lee specifically asked VE Vaughn about "occasional changes to essential job functions by limiting contact with supervisors and co-workers as well as no contact with the public except for online." (R. 55-56.) Upon review of the medical evidence, ALJ Lee found that although the Plaintiff received treatment for his impairments, his overall condition is not of a disabling character. (R. 17.) For instance, Dr. Chaudhari found that "Plaintiff's condition remained stable," Ms. Del Vicario states that during his counseling sessions, "he displayed fair judgment and insight," and Dr. Singh

11

affirmed both of their findings. (*Id.*) Additionally, Ms. Katz also observed that "although [Plaintiff] had an anxious mood, he was well-groomed and displayed an adequate ability to pay attention and concentrate." (R. 18.) As a result, this Court finds that ALJ Lee properly analyzed the substantial medical evidence and correctly conducted a Step Four analysis by appropriately considering Plaintiff's mental limitations.

Finally, Plaintiff claims that he cannot perform past work. Nevertheless, ALJ Lee was correct to conclude that Plaintiff can perform his past role as an order picker. (R. 20-21.) This conclusion was based on Plaintiff's third party functional capacity report and the evaluations of his medical providers, which state that he "has a large social life, leaves his house often and can perform household chores on his own." (R. 312, 390, 400, 478, 16.) When Plaintiff worked as an order picker, his involvement with people was "Not Significant." (R. 55.) ALJ Lee's RFC assessment for Plaintiff, which "limited Plaintiff to only occasional contact with supervisors and co-workers, and none with the general public," is consistent with that definition. (R. 16.) VE Vaughn's hearing testimony stating that Plaintiff could perform his prior work at all exertional levels further confirms ALJ Lee's determination. (R. 57.) Therefore, Plaintiff had the ability to perform past work.

## IV. CONCLUSION

This Court finds that ALJ Lee's factual findings were supported by substantial credible evidence in the record and his legal determinations were correct. Therefore, the Commissioner's determination is **AFFIRMED**. An appropriate order follows.

s/ *Susan D. Wigenton*  
**SUSAN D. WIGENTON**  
**UNITED STATES DISTRICT JUDGE**

Orig: Clerk  
cc: Parties